UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case Number:

JEFFREY STANLEY,

    Plaintiff,

vs.

ALBERT LAMBERTI, in his official
capacity as Broward County
Sheriff,

    Defendant.
_____/

## Complaint — Jury Trial Demanded

## Count I: Claim Under 42 U.S.C. § 1983 for Violation of First Amendment

Plaintiff, Jeffrey Stanley, sues defendant Albert Lamberti, in his official capacity as Sheriff of Broward County, and alleges:

### Introduction and Summary

1. This is an action by Jeffrey Stanley, a former Broward Sheriff's Office detention deputy whose rehiring process was truncated by then-Broward Sheriff Albert Lamberti December 4, 2008 because Mr. Stanley had been caught wearing a "Cops for Israel" t-shirt during the 2008 election campaign for sheriff. Mr. Stanley sues pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief, for compensatory damages, for punitive

damages (only as to Mr. Lamberti in his individual capacity), and for his costs and litigation expenses because of Mr. Lamberti's retaliation against him for exercising his first-amendment right to support whomever he chooses politically.[1]

### Jurisdiction and Venue

2.      This case arises under the First Amendment to the United States Constitution, as extended to the States by the Fourteenth Amendment, and 42 U.S.C. § 1983.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      The claim being sued upon arose in Broward County, Florida, which is where the claim arose and where the defendant resides.

### Parties

4.      Plaintiff Jeffrey Stanley is a former detention deputy with the Broward Sheriff's Office ("BSO") who had resigned in 2007 to take a better-paying job, but who in late 2008 was reapplying to the BSO.

5.      Defendant Albert Lamberti is the elected sheriff of Broward County.  At all times material, Lamberti and his deputies acted towards

---

[1] Plaintiff's counsel is aware of Cutcliffe v. Cochran, 117 F.3d 1353 (11th Cir. 1997), rehearing en banc denied, 128 F.3d 1465 (11th Cir. Fla. 1997), and Terry v. Cook, 866 F.2d 373 (11th Cir.1989).  He files this complaint, however, for two reasons:  *One*, Mr. Stanley's situation is distinguished by his having been, and having applied once again to be, a detention deputy, or jailer, as opposed to a law enforcement deputy; and, *Two*, after reviewing Hon. Rosemary Barkett's opinion in Cutcliffe, as well as her dissent from the denial of rehearing en banc in that case, plaintiff's counsel believes that the facts of this case give rise to "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Federal Rule of Civil Procedure 11(b)(2).

Brannon under color of state law.  Lamberti personally was the final policy maker for the BSO.  He is sued in his official capacity damages, declaratory and injunctive relief, attorney's fees and costs.

### General Allegations

6.	Mr. Stanley worked as a Certified Detention Deputy from February 2001 through December 2007, when he resigned to take a job as a director of security at a new hospital that was going to open on Miami Beach.

7.	When the hospital at which Mr. Stanley was going to work did not open, Mr. Stanley applied for rehire on May 2, 2008.

8.	BSO extended a conditional offer of employment to Mr. Stanley September 25, 2008, contingent on a polygraph examination, a psychological evaluation, a background investigation, a medical examination, a review of his application materials and a final review of his file.

9.	By November 2008, BSO had waived the psychological evaluation and polygraph examination, and Mr. Stanley had successfully completed all of the other requirements.

10.	On October 15, however, Mr. Stanley had attended an informational picketing by the Federation of Public Employees ("FOPE") local that represented the detention deputies:  the picketing concerned highly contentious contract negotiations between BSO and FOPE going on at the time.

11. A BSO photographer took pictures of the picketers, including Mr. Stanley.

12. That evening, Mr. Stanley also attended a debate between Mr. Lamberti and Scott Israel, a Democrat running against him.

13. A BSO photographer took photos at the debate of FOPE members, including Mr. Israel, who were wearing Scott Israel tee-shirts.

14. Mr. Lamberti was elected sheriff November 4, 2008.

15. Mr. Stanley on December 4, 2008 spoke with his former supervisor, Major Kim Spadaro, who had asked him to let her know as soon as he passed all the requirements so that she could arrange to have him again placed under her command.

16. Shortly after that conversation, however, Lieutenant David Benjamin telephoned Mr. Stanley to inform him that BSO would not be re-hiring him because BSO had a photograph of him wearing a "Cops for Israel" shirt.

17. Lt. Benjamin in that same telephone conversation quoted Mr. Lamberti as personally stating that if Mr. Stanley would not support Mr. Lamberti for re-election, then why would Mr. Lamberti re-hire Mr. Stanley?

18. The following week, BSO sent Mr. Stanley a letter stating that it would not be re-hiring him as a detention deputy because "areas of concern arose during the selection process."

19. When Mr. Stanley e-mailed Kristin Glansen, the BSO Human Resources Analyst handling his application, to ask what where those "areas

of concern" that caused BSO to discontinue processing his application, she told him that Lt. Benjamin had already spoken to him at length about the reason that BSO was not rehiring him.

20.     Indeed, Mr. Lamberti's lawyer admitted Mr. Lamberti's political motivation in the initial brief of a successful appeal from a Public Employee Relations Commission decision that found that BSO had committed an unfair labor practice when it failed to re-hire Mr. Stanley because of his participation in "concerted activity" with FOPE:

> This [union] membership did not prevent him frm receiving a conditional offer of reemployment.  It was not until [Mr. Stanley] publicly supported the Sheriff's opponent that he was denied reemployment.  The facts do not establish that the Sheriff's decision not to hire [Mr. Stanley] was in any way motivated by his union status.

21.     As a direct, natural and proximate result of the behavior of Mr. Lamberti's actions towards Mr. Stanley, Mr. Stanley has suffered damages, including but not limited to:

        a.     lost earnings;

        b.     diminishment of earning capacity; and

        c.     emotional distress and mental anguish.

22.     Mr. Lamberti's reprisal against Mr. Stanley for Mr. Stanley's political support of Mr. Israel for sheriff is causing Mr. Stanley irreparable harm, i.e., a violation of his First Amendment right to participate in electoral politics, for which there is no plain, adequate, or complete remedy at law.

23. If not enjoined by this Court, Mr. Lamberti would continue to use his office as Sheriff of Broward County to inhibit Mr. Stanley's being re-hired to retaliate against him for his political support of Mr. Israel in 2008.

WHEREFORE, Plaintiff, Jeffrey Stanley, prays that this Court will grant judgment for him, and against Defendant, Albert Lamberti, in his official capacity as Sheriff of Broward County:

*One*, determining and declaring that Mr. Lamberti's actions against Mr. Stanley constitute a violation of Mr. Stanley's first-amendment rights;

*Two*, enjoining Mr. Lamberti, in his official capacities, any successor, and anyone working in concert with Mr. Lamberti, from continuing to retaliate against Mr. Stanley;

*Three*, awarding damages against Mr. Lamberti in his official capacity;

*Four*, awarding costs, including attorney's fees and litigation expenses, against Mr. Lamberti in his official capacity; and

*Five*, granting such other and further relief as is just.

## Demand for Jury Trial

Plaintiff demands jury trial by jury on all issues so triable.

Respectfully Submitted,

/s/     William R. Amlong
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

***Attorneys for the Plaintiff,
     Jeffrey Stanley***