UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-CV-62406-COOKE/DAMIAN

JEFFREY STANLEY,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF
Gregory Tony, in his official capacity,

    Defendant.
_____/

## ORDER ON DEFENDANT'S OMNIBUS MOTION IN LIMINE AND MOTION TO STRIKE PREVIOUSLY UNDISCLOSED WITNESS [ECF NO. 305]

THIS CAUSE is before the Court on Defendant, Broward County Sheriff's ("Defendant" or "BSO")[1], Omnibus Motion in Limine and Motion to Strike Previously Undisclosed Witness, filed August 18, 2022. [ECF No. 305 ("Motion")]. This matter was referred to the undersigned by the Honorable Kathleen M. Williams, on behalf of the Honorable Marcia Cooke, United States District Judge. [ECF No. 311]. *See* 28 U.S.C. § 636(b)(1)(A).

---

[1] The lawsuit originally named Sheriff Albert Lamberti in his official capacity as Broward County Sheriff. On September 30, 2019, the Court granted Plaintiff's Unopposed Motion to Substitute Sheriff Gregory Tony, in his official capacity as Broward County Sheriff, as Defendant [ECF No. 249], because he is the current Broward County Sheriff. [ECF No. 252]. A lawsuit against a government entity's employee in his official capacity is tantamount to a lawsuit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

THE COURT has reviewed the parties' briefing and exhibits [ECF Nos. 305, 309], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, Defendant's Omnibus Motion in Limine and Motion to Strike Previously Undisclosed Witness [ECF No. 305] is granted in part and denied in part.

## I.   RELEVANT FACTUAL BACKGROUND

Plaintiff, Jeffrey Stanley ("Plaintiff" or "Stanley"), worked as a BSO detention deputy sheriff from February 2001 through December 2007. [ECF No. 171-1 ("Amended Complaint")]. Stanley ultimately resigned from his position to take a better paying job as director of security at a hospital that was scheduled to open in Miami Beach, Florida. *Id.* The hospital did not open as planned, and Stanley applied for rehire with BSO on May 2, 2008. *Id.* On September 25, 2008, Stanley received a conditional offer of employment from BSO, subject to several requirements and a final review of his file. *Id.*

On October 15, 2008, Stanley attended a debate between Albert Lamberti, the incumbent Broward County Sheriff, and Scott Israel, who were competing for the Office of Broward County Sheriff. *Id.* Stanley wore a T-shirt with "Cops for Israel" imprinted on it. *Id.* On November 4, 2008, Sheriff Lamberti was reelected as Sheriff of Broward County. *Id.* On December 4, 2008, Stanley received a telephone call from a BSO representative informing him that he would not be rehired, allegedly based on his support for Israel. *Id.* Shortly thereafter, Stanley received a letter from BSO stating that he would not be rehired because areas of concern arose during the selection process. *Id.*

Stanley alleges that even after Lamber was no longer Sheriff, he did not later seek to reapply with BSO because he believed such efforts would be futile. According to a May 3,

2022 letter attached to BSO's Motion, Stanley ultimately received an offer of employment from the Florida Department of Juvenile Justice ("FDJJ"). *See* ECF No. 305-6.

## II. PROCEDURAL HISTORY

On December 4, 2012, Stanley filed the Complaint in the instant action against BSO asserting a single claim under Title 42, United States Code, Section 1983, based on alleged violations of his First and Fourteenth Amendment rights. [ECF No. 1]. Since the filing of the Complaint nearly ten years ago, the Court, previously by Judge William Zloch, twice granted summary judgment in favor of BSO [ECF Nos. 151 and 232], and the Eleventh Circuit Court of Appeals twice reversed those orders. [ECF Nos. 172 and 241].

After the case was reassigned to Judge Marcia Cooke in June 2011 and BSO's fourth motion for summary judgment was denied, on April 7, 2022, Judge Cooke entered an Order setting the trial during the trial period commencing September 12, 2022, and directing that joint pretrial stipulations and motions in limine be filed by September 2, 2022. [ECF No. 284]. On June 21, 2022, the Court issued an Order amending the scheduling order and re-setting the case for trial during the two week trial period commencing on October 11, 2022. [ECF No. 287]. Thereafter, on August 11, 2022, the Court extended the deadline for the filing of joint pretrial stipulations and motions in limine to August 18, 2022. [ECF No. 299]. Meanwhile, on August 4, 2022, the Court denied BSO's Motion to Modify the Scheduling Order to permit BSO to propound limited discovery regarding a comment made by Plaintiff's counsel during mediation and admonished that the Motion violated the Local Rules regarding the confidentiality of settlement discussions and that BSO had not "come close to justifying" the reopening of discovery at this stage. [ECF No. 295].

BSO filed the Motion now before the Court on August 18, 2022. [ECF No. 305]. Stanley filed his Response on September 6, 2022, and BSO filed its Reply on September 13, 2022. [ECF Nos. 309, 310].

The Motion is now fully briefed and ripe for adjudication.

### III.   LEGAL STANDARDS

Courts have broad discretion in determining the admissibility of evidence. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1243 (11th Cir. 2009). "Motions in limine are generally disfavored" and "[e]vidence is properly excluded only if the evidence is clearly inadmissible for any purpose." *Baptista v. Carnival Corp.*, No. 1:17-CV-22115-KMM, 2018 WL 1226041, at *1 (S.D. Fla. Mar. 5, 2018) (Moore, C.J.) (citations and internal quotation marks omitted). "The real purpose of a Motion [i]n Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). A court's order on the motion "remains subject to reconsideration by the court throughout the trial." *Id.* ("At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion.") (citing *Luce*, 469 U.S. at 41). The movant has the burden to demonstrate that the evidence is inadmissible on any relevant ground. *Id.*

## IV.  DISCUSSION

In the Motion now before the Court, BSO seeks to preclude four categories of evidence from being offered by Stanley at trial: (1) evidence or testimony regarding BSO allegedly telling Stanley's prospective employers that it does not possess Stanley's personnel file or there is no record of his employment with BSO; (2) Stanley's May 3, 2022 Offer Letter from the FDJJ and testimony from FDJJ Representative and Records Custodian, Terrance Lopez; (3) information derived from documents provided by BSO during confidential settlement negotiations regarding Stanley's potential back pay and benefits; and (4) vaguely identified exhibits on Plaintiff's Exhibit List.

The Court will address each of BSO's challenges in turn.

### A. *Evidence Or Testimony Regarding BSO's Alleged Conduct Of Reporting To Potential Employers That It Does Not Have Stanley's Employee File*

Based on a comment by Plaintiff's counsel at the conclusion of a settlement conference, BSO is concerned that Stanley will present evidence at trial that BSO has been hampering Stanley's efforts to mitigate his damages by telling potential employers that BSO has no record of Stanley working there. Mot. at 2. BSO argues that this new "avoidance of BSO's mitigation of damages affirmative defense" has never been asserted in any pleading, motion, disclosure, or deposition, and that BSO was first made aware of such allegations after the conclusion of the settlement conference. Mot. at 4. BSO asserts that failure to mitigate is a key issue in its defense and that it will be prejudiced if Stanley is allowed to raise this new, previously undisclosed information at trial. *Id*. Therefore, BSO requests the Court preclude any evidence regarding such allegations or, alternatively, allow BSO to conduct the limited discovery detailed in its prior motion. *Id*.

Stanley responds that although he was unopposed to BSO's prior motion to reopen discovery on these same grounds, once the Court rejected the motion, Stanley declined to sign a joint renewed motion to reopen discovery and waive the privilege attached to the settlement conference. *See* Resp. at 6.

The Court notes that BSO does not identify any specific exhibits or witnesses it seeks to exclude based on this issue. Also noteworthy is the fact that Stanley has not indicated whether he actually intends to raise these claims at trial. Based on the vague and speculative information offered by BSO, the Court is not convinced that the evidence or subject matter BSO seeks to exclude is "clearly inadmissible for any purpose." *Baptista*, No. 1:17-CV-22115-KMM, 2018 WL 1226041, at *1. In any event, the Court (Judge Altonaga) already denied BSO's request to reopen discovery in its August 4, 2022 Order [ECF No. 295], and BSO offers no justification for revisiting that Order now. And, as Judge Altonaga pointed out, if the discussion that gave rise to BSO's concerns occurred during the parties' settlement conference, then the issue is not properly before the Court. *Id*. It is not clear whether that is the case, although BSO now claims the discussion occurred after the settlement conference concluded and impassed. Finally, at this point, as further discussed below, Stanley may not add new witnesses to testify on this topic, and BSO will have had sufficient time to prepare its own witnesses to address the issues should it come up at trial.

Thus, BSO fails to demonstrate that the anticipated evidence that BSO may have hampered Stanley's ability to mitigate his damages is clearly inadmissible or would be so prejudicial as to warrant exclusion. Therefore, the Court denies the Motion without prejudice to the extent BSO seeks to exclude evidence regarding whether BSO reported to potential

employers that it did not have Stanley's personnel file and denies it with prejudice to the extent BSO seeks to reopen discovery on this basis.

### B. Stanley's Offer Letter From The Florida Department of Juvenile Justice And Testimony Of Terrance Lopez

Next, BSO seeks to strike Terrance Lopez, the Representative and Records Custodian for Stanley's current employer, the FDJJ, from Stanley's Witness List. Mot. at 5. BSO also requests the Court strike Stanley's May 3, 2022 Offer Letter from the FDJJ from the Exhibit List. *Id*. BSO asserts that both Mr. Lopez and the Offer Letter were not timely disclosed and should, therefore, be stricken. *Id*.

In Response, Stanley argues that he provided BSO with his earning statements from FDJJ on August 9, 2022, as part of his Rule 26 disclosures, and, therefore, BSO cannot claim that the disclosure of Mr. Lopez as a witness or the Offer Letter as an exhibit prejudiced it because it was already aware of his current employment with FDJJ. *See* Resp. at 5. Stanley also points out that BSO served a supplemental disclosure on August 2, 2022, disclosing its own damages witness and records to refute Stanley's mitigation efforts and contention that BSO failed to respond to prospective employers.

BSO reasserts on reply that the Offer Letter and Mr. Lopez were never listed in Stanley's Rule 26(a) disclosures nor timely disclosed as a witness or exhibit. Reply at 2. BSO also argues that it would be prejudiced if Mr. Lopez testified at trial because Stanley did not indicate the nature or scope of his potential testimony. *Id*.

Rule 26 of the Federal Rules of Civil Procedure requires, *inter alia*, that initial disclosures must be made by a party without awaiting a discovery request. Those disclosures include:

>the name and, if known, address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment [and] all documents, electronically stored information . . . that the disclosing party has in its possession, custody, or control, and may use to support it claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. Pro. 26(a)(1)(A)(i) and (ii) (alterations added). A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. Fed. R. Civ. Pro. 26(a)(1)(C). If a party "learns that in some material respect the disclosure or response is incomplete or incorrect," then they have an ongoing duty under Federal Rule of Civil Procedure 26(e)(1)(A) to supplement their initial disclosures.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (affirming the District Court's striking of affidavits submitted in opposition to summary judgment when the deadline for discovery had passed and affiants were not listed on the plaintiffs' initial disclosures and there was no attempt to supplement the disclosures); *Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 770 (11th Cir. 2008) (because the plaintiff failed to amend her discovery disclosures to identify her witness, the magistrate judge did not abuse his discretion in striking her witness's affidavit). The Federal Rules of Civil Procedure also prohibit proffering a previously disclosed witness to testify on a subject matter that was not previously disclosed. *Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir. 2017) (failure to include a description of the witness's discoverable information was not excusable); *Zuniga v. Jacobs*, No. 18-22303, 2020 WL 168106 (S.D. Fla. Jan. 13, 2020) (Williams, J.) (striking an affidavit submitted in

opposition to summary judgment where the witness had been previously identified but his knowledge on a newly asserted defense was not identified).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). In making this determination, courts are to consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (Ungaro, J.) (quoting *Berryman–Dages v. City of Gainesville Fla.*, No. 1:10cv177-MP-GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012)).

With the foregoing in mind, the Court considers whether Stanley has established that the failure to timely disclose the Offer Letter and Mr. Lopez was substantially justified or harmless.

Stanley received the Offer Letter on May 3, 2022, yet it was not included in his Fifth Supplemental Rule 26 Disclosures, which were submitted to BSO on August 9, 2022. *See* Ex. E to Motion. Stanley did not disclose the Offer Letter to BSO until August 18th, the day motions in limine were due.

The Court agrees that the disclosure of the Offer Letter and Mr. Lopez was untimely, especially in light of the fact that he received the offer more than five months before he submitted his Fifth Supplemental Rule 26 Disclosures. Stanley does not argue that his failure

9

to timely disclose was substantially justified. Instead, he asserts that his failure to disclose Mr. Lopez or the Offer Letter did not prejudice BSO because on August 9, 2022, he provided BSO with his FDJJ earning statements as part of his Rule 26 disclosures. Resp. at 5. The Court disagrees. Pay stubs are not the equivalent of an offer letter. Although the contents of an offer letter may share similarities with those in pay stubs, the Offer Letter here contains unique information that BSO was unaware of despite having received the earnings statements. For example, the terms of employment, the date the offer was received, and details regarding pay are not reflected in the pay stubs or earnings statements. BSO claims it is prejudiced by the inclusion of the undisclosed Offer Letter as an exhibit, and Stanley has not established how his failure to previously disclose the Letter is harmless. Nor has he indicated the purpose for which the Letter will be used as evidence or why he only now decided to include it.

Therefore, the Court finds that Stanley has not demonstrated that his failure to previously identify the Offer Letter is justified or that BSO will not be prejudiced by its use at trial, and, as such, the Court grants BSO's Motion to strike the Offer Letter from Stanley's Exhibit List.

Likewise, Stanley has not established how his failure to disclose Mr. Lopez as a witness is justified or harmless. Stanley did not disclose Mr. Lopez was not disclosed as a potential witness or person with discoverable information in his Fifth Supplement Rule 26 Disclosures, nor did he disclose or reference Mr. Lopez in any documents provided to BSO. Mot. at 2. Moreover, the designation of Mr. Lopez as "Representative / Custodian for Florida Department of Juvenile Justice" does not shed any light on the nature or scope of his anticipated testimony. *See* [ECF No.302 ("Plaintiff's Witness List")]. Due to this ambiguous designation of Mr. Lopez as a witness, BSO is not on notice regarding the nature of Mr.

Lopez's intended testimony or whether Mr. Lopez will testify as a records custodian, a corporate representative, or a fact witness. Notably, Stanley adequately discloses other potential witnesses as either records custodian, corporate representatives, or fact witnesses. *See id*.

Stanley has not demonstrated that the late and inadequate disclosure of Mr. Lopez is substantially justified or harmless. Therefore, BSO's Motion is granted to the extent BSO seeks to strike the May 2022 Offer Letter from Plaintiff's Exhibit List and to exclude Mr. Lopez from testifying as a witness at trial.

  C. *Information Regarding Potential Back Pay And Benefits Figures*

BSO next seeks the exclusion of information regarding Stanley's potential back pay and benefits from December 2008 through 2022 which was prepared by BSO for mediation and provided by BSO to Stanley during confidential settlement discussions. Mot. at 6-7. BSO argues that the spreadsheets and any information derived therefrom should be excluded pursuant to Federal Rule of Evidence 408 and Local Rule 6.2(g)(2) as confidential settlement communications and information. *Id*. BSO further asserts that Stanley should only be able to use this information if he can clearly demonstrate that the information is derived from another independent source. *Id*.

In response, Stanley avers that BSO's Motion is unnecessary because he intends to use his own calculations at trial and not those provided by BSO during settlement negotiations. Resp. at 4. However, Stanley opposes the Motion to the extent that it seeks to exclude "evidence of his damages from 2008-2021" on the grounds that information is available from other sources and "should not be inadmissible simply because BSO placed it on a spreadsheet." *Id*. at 4-5.

In its Reply, BSO confirms that it does not dispute that Stanley's information on damages will be admissible if Stanley can demonstrate his damages information is derived from sources other than BSO's mediation spreadsheets. Reply at 1.

Thus, this issue appears to be resolved as the parties are in agreement regarding the restrictions on use of information obtained as part of settlement negotiations, and, therefore, BSO's Motion is denied as moot as to this issue.

### D.     *Vague And Inadequate Exhibits*

Lastly, BSO objects to the following exhibits on Stanley's Exhibit List on grounds they are vague and lack specificity:

> a) Exhibit 34 - All documents and other tangible evidence listed on any notice to produce at trial served in this case
> b) Exhibit 35 - All documents and other tangible evidence referred to in the pleadings, discovery responses or depositions and exhibits thereto filed or taken herein
> c) Exhibit 36 – All documents and other tangible evidence sought or given in response to discovery subpoenas served in this case
> d) Exhibit 39 – All papers served or filed in this case not otherwise listed above
> e) Exhibit 40 – Demonstrative and illustrative aids
> f) Exhibit 41 – Depositions and exhibits thereto taken in this case
> g) Exhibit 45 – Requests for production and responses thereto served in this case
> h) Exhibit 46 – Summaries of which notice has been given pursuant to Federal Rule of Evidence 1006
> i) Exhibit 47 – Transcripts of all hearings in this case
> j) Exhibit 48 - Exhibits attached to motions for summary judgment

Mot. at 7. BSO argues the above descriptions of exhibits are vague and should be stricken. Mot. at 8. Specifically, BSO argues that in these particular exhibit descriptions, Stanley does not specifically identify any document that would be presented at trial and lists a "potentially infinite number of documents" that BSO "cannot be expected to object [to] in any meaningful way prior to trial." Mot. at 9 (quoting *Argo v. Gregory*, No. CV212-213, 2014 WL 6668214, at *3 (S.D. Ga. Nov. 24, 2014)).

Stanley responds that his counsel typically includes such general categories on the trial exhibit list to preclude arguments that his client is estopped from using certain exhibits because they were not referenced on the exhibit list in case the need to use certain exhibits arises. Resp. at 7. Stanley also argues that BSO can easily identify most of the specified items. *Id*.

Federal Rule of Civil Procedure 26(a)(3)(A)(iii) requires that pretrial disclosures include "an identification of *each* document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. Pro. 26(a)(3)(A)(iii) (emphasis added). Accordingly, Rule 26(a)(3)(A)(iii) contemplates that each exhibit be identified *clearly* and *individually.*

The Court agrees that Stanley's exhibit list contains composite exhibits and catch all phrases in violation of Rule 26(a)(3)(A)(iii). Rule 26(a)(3)(A)(iii) requires Stanley to separately identify each exhibit he intends to offer at trial, and the exhibits indicated in BSO's Motion do not do that. BSO is correct that, as identified, Stanley's exhibit list encompasses potentially every document ever served, filed, reviewed, or mentioned in the nearly ten years this litigation has been ongoing, and that is not acceptable nor compliant with the requirements of the Federal Rules. *See, e.g. Crisostomo v. Kuhn Mgmt.*, No. 6:06-cv-1914-Orl-22UAM, 2008 U.S. Dist. LEXIS 128158, at *11 (M.D. Fla. Sep. 25, 2008) ("The parties' exhibit lists are also deficient. Plaintiffs' description of Exhibit 2 reads: 'Plaintiffs employee file.' Defendant's description of Exhibit 1 reads: 'Personnel File of Manuel Crisotomo.' Such general descriptions are improper. Exhibits must be *identified.* The Court has no idea, and no way of knowing, what specific documents fall within these vague categories."); *Hess v. Biomet, Inc.*, No. 3:16-CV-208 JD, 2019 U.S. Dist. LEXIS 196278, at *50 (N.D. Ind. Nov. 13, 2019)

("Biomet's exhibit list also included catch-all categories including every exhibit used at any deposition, and all written discovery produced in this case. That is not acceptable; counsel need to consider what exhibits they anticipate using at trial and to identify those exhibits."); *Burkhart v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-10727-WGY-HTS, 2014 U.S. Dist. LEXIS 200593, at *28-30 (M.D. Fla. Apr. 28, 2014) (striking exhibit list including "improper 'catch-all' exhibits that incorporate by reference hundreds, thousands, or even millions of documents not individually disclosed.").

Therefore, BSO's Motion is granted with regard to Exhibits 34, 35, 36, 39, 40, 41, 45, 46, 47, and 48, and those exhibits are stricken from Stanley's Exhibit List. In the event Stanley intends to offer any specific exhibits falling within those identified above, Stanley shall individually identify such specific exhibits in compliance with Rule 26(a)(3)(A)(iii) in an Amended Exhibit List and file and serve the Amended Exhibit List no later than October 4, 2022.

## V.    CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Omnibus Motion in Limine and Motion to Strike Previously Undisclosed Witness [ECF No. 305] is **GRANED IN PART** and **DENIED IN PART** as follows:

> (a) BSO's request to exclude evidence regarding whether BSO reported to potential employers that it did not have Stanley's personnel file is **DENIED WITHOUT PREJUDICE;**

14

(b) BSO's request to reopen discovery regarding whether BSO reported to potential employers that it did not have Stanley's personnel file is **DENIED WITH PREJUDICE;**

(c) BSO's request to exclude Stanley's Offer Letter from the Florida Department of Juvenile Justice and testimony from its Representative and Records Custodian, Terrance Lopez is **GRANTED**. The Offer Letter is **STRICKEN** from Plaintiff's Exhibit List and Mr. Lopez is **STRICKEN** from Plaintiff's Witness List;

(d) BSO's request to preclude Stanley from offering evidence regarding Stanley's potential back pay and benefits is **DENIED AS MOOT**; and

(e) BSO's request to exclude Exhibits 34, 35, 36, 39, 40, 41, 45, 46, 47, and 48 from Stanley's Exhibit List is **GRANTED.**

It is further

**ORDERED AND ADJUDGED** that Stanley shall file and serve an Amended Exhibit List including only specifically identified individual exhibits that fall within the stricken exhibits no later than October 4, 2022. Any objections to the foregoing exhibits shall be asserted, filed, and served within five (5) days of the filing of the Amended Exhibit List.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 29th day of September, 2022.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE