UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CV-62406-ROSENBERG

JEFFREY STANLEY,

    Plaintiff,

vs.

BROWARD COUNTY
SHERIFF,

    Defendant.

_____/

## ORDER DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PRESENT EVIDENCE VIA REMOTE ELECTRONIC MEANS

This matter is before the Court on the Plaintiff's Expedited Motion for Leave to Present Evidence via Remote Electronic Means at docket entry 362. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

This matter is special set for trial in ten days. Two days ago—twelve days before trial—the Plaintiff filed the instant Motion seeking leave for three witnesses to appear at trial by Zoom. Previously, the Plaintiff had informed both the Court and the Defendant that the witnesses would appear for live testimony. DE 325-1 (April 18, 2023 Joint Trial Plan).

As the basis for his request, the Plaintiff informed the Court that he learned that three witnesses no longer reside in Florida. According to the Plaintiff, those witnesses moved out of Florida a long time ago. By way of example, one witness moved to a different state in 2018. DE 362 at 2. The Plaintiff represents that he learned of the witnesses' new addresses when preparing witness subpoenas thirteen days prior to trial. The Plaintiff offers no explanation for why he was not aware of the witnesses' changes of residence earlier than thirteen days prior to trial. It may

be inferred from the Plaintiff's silence on the subject, however, combined with the relevant dates, that Plaintiff simply has not communicated with the witnesses in years.[1]

> Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure:
>
> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

The advisory notes expound further:

> Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.

The advisory notes also describe the situation where a litigant should have foreseen circumstances that would prevent live testimony:

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Courts applying Rule 43(a) refuse to permit remote testimony when the lack of availability for in-person testimony was "entirely foreseeable." *E.g., Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 6, 2020) (holding "entirely foreseeable inconvenience" of a doctor "having to interrupt his busy schedule to attend trial in person" was not good cause). Or as one trial court put it: "Remote testimony cannot be justified merely by showing that it is inconvenient for the witness to attend trial. There is no technology to date that can substitute for a juror looking a witness in the eyes." *Ballesteros v. Wal-Mart Stores East, LP*,

---

[1] A second witness moved out of Florida in the year 2021, and a third in 2022.

No. 19-CV-881, 2021 WL 2917553, at *1 (M.D. Fla. July 21, 2023). Even when a witness lives over a thousand miles away from a courthouse, courts have refused to deviate from the preference for live testimony. *See Novello v. Progressive Express Inc.*, No. 19-CV-1618, 2021 WL 1751351, at *1-2 (M.D. Fla. May 4, 2021).

Here, the Plaintiff has failed to show good cause; the Plaintiff has not even offered an explanation for his lack of contact with potential witnesses for multiple years. Given that this case is greater than ten years old, it was easily foreseeable that witnesses may live in different locations in 2023 as opposed to 2012, but this case has been set for trial since April of 2023. Plaintiff has long been on notice of the need to coordinate with witnesses. Therefore, Plaintiff's request for Zoom appearances at trial, filed twelve days prior, is denied.

The Plaintiff's related request for one witness to appear via deposition is similarly denied. The deadline for deposition designations expired forty-nine days ago, and trial is imminent. The Plaintiff has been on notice of the Court's deposition designations procedures (which are quite thorough) since April. *See* DE 327. Were the Court to permit the deadline for deposition designations to be amended so close in proximity to trial, the Defendant would be prejudiced by having to deviate from final trial preparations to brief and argue the Plaintiff's late deposition designations. Thus, the Court will not amend the deadline for deposition designations on the eve of trial.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of September, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record